UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. HANN AS SOLE BENEFICIARY OF
IRA RESOURCES, INC., FBO GARY S. HANN
IRA ACCOUNT NO. 21195,

      Plaintiff,

vs.

      Case No. 09-CV-15048
      HON. GEORGE CARAM STEEH

DEUTSCHE BANK NATIONAL TRUST, et al.,

      Defendants.

_____/

ORDER GRANTING DEFENDANT RE/MAX INTERNATIONAL, INC.'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) (# 5);
DISMISSING ALL FEDERAL CLAIMS AS ALLEGED AGAINST
EACH OF THE PARTY-DEFENDANTS, AND
REMANDING PLAINTIFF'S REMAINING STATE LAW CLAIMS

Defendant Re/Max International, Inc. moves to dismiss pro se plaintiff Gary Hann's claims of violations of ERISA and the IRS Code, violations of real estate law and practice, breach of contract, and federal banking violations. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Hann filed a complaint in Michigan's Washtenaw County Circuit Court on December 14, 2009 alleging defendants Deutsche Bank National Trust and G8 Capital Fund VI are the owners of a parcel of property known as 19 S. Grove, Ypsilanti, Michigan 48197. Defendant Adam Butler is allegedly a managing partner of G8 Capital Fund VI. Defendants Glenn Silvenis, Re/Max Crossroads III, and Re/Max International, Inc. are alleged listing agents of the Ypsilanti property. Defendants Western Wayne Oakland County Association of Realtors and Ann Arbor Area Board of Realtors allegedly contract with Silvenis, Re/Max

Crossroads III, and Re/Max International, Inc. to process real estate listings and grievances. Hann alleges that, on behalf of his Roth IRA account, he entered into a non-contingent Purchase Agreement with a "seller" on June 9, 2009 to purchase the Ypsilanti property, depositing $1,000.00 as earnest money with Real Estate One. Hann alleges that "[d]espite no contingencies and ordering a full closing package, Defendants refused to show up for closing or to take any mitigating action as permitted by law. Defendants have . . . ignored all respective efforts by Plaintiff to proceed and have greatly harmed Plaintiff's ERISA retirement." Count I alleges violations of "ERISA AND THE IRS CODE." Count II alleges violations of "REAL ESTATE LAW AND PRACTICE" under Michigan law. Count III alleges "BREACH OF CONTRACT." Count IV alleges "APPARENT BANKING VIOLATIONS" premised on alleged violations of "federal banking and TARP and TALF" regulations. The lawsuit was removed to federal court on December 30, 2009 by defendant Re/Max International, Inc. ("Re/Max Inc."). Re/Max Inc. filed its instant motion to dismiss on January 6, 2010. On January 7, 2010, the case was reassigned to this court as a companion case to IRA Resources Inc. FBO Gary S. Hann IRA Account No. 21195 v. Deutsche Bank National Trust, 09-CV-13567 (2009) ("Hann I").

In Hann I, plaintiff Hann, appearing pro per, filed almost the identical claims against these same defendants, but on behalf of IRA Resources, Inc.. After granting Hann's application for in forma pauperis status, the court dismissed all of the claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) on finding: (1) IRA Resources, Inc. could not appear in federal court through an individual who was not a licensed attorney, Rowland v. California Men's Colony, 506 U.S. 194, 196, 201-202 (1993); and (2) the purported federal claims of violations of "ERISA AND THE IRS CODE" and "federal banking and TARP and TALF" regulations were conclusionary, and failed to state plausible federal claims. Ass'n

of Cleveland Firefighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)). See Hann I, September 19, 2009 Order, at 2-3. The court also found that the "attempt to turn an allegedly failed real estate transaction into a federal claim [was] frivolous." Hann I, September 19, 2009 Order, at 3. With the dismissal of the purported federal claims, the court dismissed the remaining state law claims of violations of "REAL ESTATE LAW AND PRACTICE" and "BREACH OF CONTRACT" without prejudice on declining to exercise supplemental jurisdiction. See 28 U.S.C. § 1367. The court denied Hann's subsequent motion to substitute himself as the plaintiff in Hann I on finding that such would not cure the frivolous nature of his federal claims. Hann I, December 13, 2009 Order, at 2.

For the same reasons set forth in Hann I, Hann's instant federal claims of violations of "ERISA AND THE IRS CODE" and "APPARENT BANKING VIOLATIONS" premised on alleged violations of "federal banking and TARP and TALF" regulations are frivolous and fail to state federal claims as against any of the defendants. A defect in subject matter jurisdiction must be raised by a district court sua sponte when noticed. Ku v. State of Tennessee, 322 F.3d 431, 433 (6th Cir. 2003) (citing Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 388-89 (1998)). This court lacks federal subject matter jurisdiction because Hann's purported federal claims are frivolous and fail to state federal claims on which relief may be granted. Ass'n of Cleveland Firefighters, 502 F.3d at 548 (citing Twombly, 127 S.Ct. at 1965).

In addition to moving to dismiss Hann's federal claims based on the court's prior reasoning in Hann I, defendant Re/Max Inc. also moves to dismiss Hann's state law claims arguing that Re/Max Inc. is only a franchise licensing entity, is not in contractual privity with Hann's alleged contract, does not list properties for sale in Michigan, and does not

3

otherwise transact real estate business in the state of Michigan. Hann has not filed a response to Re/Max Inc.'s motion to dismiss. Accordingly, and for the reasons set forth in Re/Max Inc.'s January 6, 2010 Brief, Section B, at 10-12, the court finds Re/Max Inc. is also entitled to dismissal of Hann's state law claims of violation of "REAL ESTATE LAW AND PRACTICE" and "BREACH OF CONTRACT" because the claims fail to state claims against Re/Max Inc. on which relief may be granted under Michigan law. Ass'n of Cleveland Firefighters, 502 F.3d at 548 (citing Twombly, 127 S.Ct. at 1965). Hann has not alleged plausible claims that Re/Max. Inc. was directly or indirectly a party to the subject real estate contract, or that Re/Max Inc. was a listing agent. Id. Hann's state law claims as alleged against the remaining defendants will be remanded to state court. See 28 U.S.C. § 1367(c)(3).

For the reasons set forth above, defendant Re/Max International, Inc.'s motion to dismiss is hereby GRANTED. Hann's federal claims are hereby DISMISSED with prejudice in their entirety, as alleged against each and every defendant. Hann's state law claims as alleged against Re/Max International, Inc. ONLY are also hereby DISMISSED with prejudice. Defendant Re/Max International, Inc. is hereby DISMISSED from this lawsuit. Re/Max Inc.'s request for further relief is hereby DENIED. Hann's state law claims of violation of "REAL ESTATE LAW AND PRACTICE" and "BREACH OF CONTRACT" ONLY, as alleged against the remaining defendants, are hereby REMANDED to the Washtenaw County Circuit Court.

SO ORDERED.

Dated: February 9, 2010

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 9, 2010, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk